UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUNIYA GROUP, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HANMI BANK,<br><br>　　　　　Defendant. | Case No. 1:23-cv-00927-ADA-CDB<br><br>**ORDER REQURING PLAINTIFF TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO PROSECUTE**<br><br>SHOW CAUSE BY: SEPTEMBER 18, 2023<br><br>**ORDER REQURING PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>SHOW CAUSE BY: SEPTEMBER 22, 2023 |

　　　　Plaintiff Duniya Group, Inc., a Delaware corporation, with its principal place of business in California, filed a Complaint against Defendant Hanmi Bank a/k/a/ Hanmi Financial Corporation, on June 21, 2023.  (Doc. 1).  On the same day, the Court issued an Order Setting Mandatory Scheduling Conference (the "Order").  (Doc. 4).

**Failure to Prosecute**

　　　　The Order directed Plaintiff to "diligently pursue service of summons and complaint" and "promptly file proofs of service."  The Order further advised Plaintiff that failure to diligently prosecute this action "may result in the imposition of sanctions, including the dismissal of

unserved defendants." The Order separately directed the parties to appear for a scheduling conference on September 18, 2023, and to file a joint scheduling report one full week prior to the scheduling conference. *Id*. at 2.

To date, Plaintiff has not filed proofs of service for the summons and complaint and Defendant has not appeared in the action, requiring the Court to vacate the mandatory scheduling conference.[1] In addition, Plaintiff has not filed either a joint report as required by the Order, or a stand-alone report, or a request for continuance.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).

Based on the foregoing, IT IS HEREBY ORDERED that **no later than September 18, 2023**, Plaintiff **SHALL** show cause in writing why sanctions should not be imposed for its failure to prosecute this action and to serve the summons and complaint and file a proof of service in a timely manner. Alternatively, within the same period, Plaintiff may file proof of service demonstrating the summons and complaint were served.

The scheduling conference set for September 18, 2023, is **VACATED** to be reset at a date following Defendant's appearance in the action.

**Subject Matter Jurisdiction**

The Court has a duty to consider its own subject matter jurisdiction, regardless of whether the issue is raised by the parties, and is required to dismiss an action over which it lacks jurisdiction. *See Morongo Bank of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d

---

[1] Plaintiff's complaint contains an unattached Proof of Service indicating that counsel for Hanmi Bank was served with the complaint (but not the summons) on June 21, 2023 (Doc. 1 p. 23). However, there is a separate Proof of Service indicating that Young Ohr, who is not listed in the caption as a defendant, was served with the Complaint on April 18, 2023 (which is prior to the date the complaint was filed and a summons issued in this action). Therefore, it is unclear to the Court whether Plaintiff has properly served Hanmi Bank in this action.

2

1376, 1380 (9th Cir. 1988); Fed. R. Civ. P. 12(h)(3).

Plaintiff's complaint raises the following state law causes of action: (1) breach of contract; (2) intentional misrepresentation; (3) contractual breach of implied covenant of good faith and fair dealing; (4) breach of fiduciary duty; and (5) negligence. (Doc. 1 p. 1). The complaint further alleges that the Superior California, County of Kern has jurisdiction over this action. Defendant Hanmi Bank is a California corporation with its principal place of business in Los Angeles, California.[2] Plaintiff does not expressly plead the basis for which this Court properly has jurisdiction.

Federal courts have limited jurisdiction and can adjudicate only those cases which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 551 U.S. 375 (1994). "To proceed in federal court, a plaintiff's pleading must establish the existence of subject matter jurisdiction. Generally, there are two potential bases for the federal subject matter jurisdiction: (1) federal question jurisdiction, or (2) diversity jurisdiction." *Martinez v. Hoff*, No. 1:19-cv-00923-LJO-SKO, 2019 WL 3564178, at *1 (E.D. Cal. Aug. 6, 2019).

**A. Diversity Jurisdiction**

28 U.S.C. § 1332(a) vests district courts with original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states. Section 1332 requires complete diversity, i.e., that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996). A corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 94 (2005) (citing 28 U.S.C. § 1332(c)(1)).

Here, Plaintiff pleads it is a Delaware corporation, duly registered in California, and has a principal place of business in Bakersfield, California. Accordingly, for diversity jurisdiction purposes, Plaintiff is deemed to be a citizen of both Delaware and California. As noted above,

---

[2] The Court takes judicial notice of Hanmi Bank's business entity profile, retrieved from the California Secretary of State Website. *See Applied Underwriters, Inc. v. Lara*, 530 F.Supp.3d 914, 924 (E.D. Cal. 2021). *See also* http//bizfileonline.sos.ca.gov/search/business (search for "Hanmi Bank").

1  Defendant Hanmi Bank is a California corporation, with its principal place of business in Los
2  Angeles, California.  Thus, Defendant also is deemed to be a California citizen.
3        Accordingly, because Plaintiff and Defendant both are California citizens, the parties to
4  this action lack complete diversity and this Court lacks jurisdiction under 28 U.S.C. § 1332(a)

**B. Federal Question Jurisdiction**

A case "arises" under federal law either where federal law itself creates the cause of action or where the vindication of a state law right would "necessarily [turn] on some construction of federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). Courts determine whether they have federal question jurisdiction by applying the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*.  Federal question jurisdiction does not arise from the "mere presence of a federal issue in a state cause of action." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986); *see Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (holding that passing references to federal issues are not a "password opening federal courts to any state action embracing a point of federal law").

Here, Plaintiff asserts state law causes of action only.  None of those causes of action turn on construction of federal law.  While Plaintiff's complaint references in passing the Bank Secrecy Act (Doc. 1 ¶ 108), mere references to federal statutes are not enough to establish federal jurisdiction. *See*, *e.g., Alan v. Equifax*, No. CV 19-6588-DMG (ASX), 2019 WL 5801891, at *2 (C.D. Cal. Nov. 6, 2019).  Accordingly, this Court lacks jurisdiction for lack of federal question presented in the face of the complaint.

/ / /

/ / /

Based on the foregoing, IT IS FURTHER ORDERED that **no later than September 22, 2023**, Plaintiff **SHALL** show cause in writing why this action should not be dismissed for lack of subject matter jurisdiction.

Failure to timely comply with this Order will result in the Court imposing sanctions and recommending that the action be dismissed.

IT IS SO ORDERED.

Dated:   **September 12, 2023**                              _____
                                                                                    UNITED STATES MAGISTRATE JUDGE

5